PRESCOTT VAN WYCK, PROSECUTOR, v. WILLIAM DE
LORENZO, RECORDER OF THE CITY OF HACKENSACK,
AND THE STATE OF NEW JERSEY, RESPONDENTS.

Decided May 12, 1925.

Motor Vehicles—Intoxicated Driver—Excessive Speed—Defend-
ant Arrested, Taken to Police Station, Confined in Cell Until
Released by Officer in Charge Upon Giving Bail—Up to Time
of Hearing No Complaint Had Been Made Out in Recorder's
Court—On Day of Hearing Inspector Making Arrest Made
Two Complaints, One for Each Charge, But No Warrant
Was Issued in Either Case—Entire Proceeding Irregular—
Police Department Without Power to Release Prosecutor or
Fix Bail—Officer Must Take Accused Immediately to Magis-
trate, &c.

On *certiorari*.

Before Justices KALISCH, BLACK and CAMPBELL.

For the prosecutor, *McKay & McKay*.

For the respondent, *Edward L. Katzenbach*, attorney-gen-
eral (*James P. Nolan*, assistant attorney-general, of counsel),
*William De Lorenzo*, pro se.

PER CURIAM.

The prosecutor, on June 17th, 1924, was arrested, on view,
by one Newman, a special motor vehicle inspector, for driv-
ing a motor vehicle while under the influence of liquor, on
the public highway in the city of Hackensack. The inspector,
in company with several policemen, took the prosecutor to the
Hackensack police station, and there the officer in charge, after
hearing from the inspector that the prosecutor was arrested for
operating a motor vehicle on a public highway in the city of
Hackensack while under the influence of intoxicating liquor,
and also for excessive speeding, ordered the prosecutor to be
taken to a cell, where he was confined until he was later re-
leased by an officer in charge at police headquarters, upon first

34

depositing $500 and agreeing to appear for a hearing to be held by the recorder on the 19th day of June, 1924. On that day, upon a request made on behalf of the prosecutor to have any hearing on a complaint presented against him adjourned until June 26th, 1924, the request was granted. Up to the latter date, so far as the record before us discloses, there was no complaint made against the prosecutor in the recorder's court. On the 26th day of June, the day to which the hearing was adjourned by someone in charge of the police department, the prosecutor appeared in the recorder's court, and it was then, for the first time, that the inspector Newman made a written complaint, under oath, as required by the statute, that the prosecutor had operated a motor vehicle while under the influence of intoxicating liquor, on a public highway in the city of Hackensack, and also made a written complaint, under oath, that the prosecutor had violated that section of the Motor Vehicle act, which regulated the speed with which motor vehicles may be driven upon the public highway. No warrant in either case appears to have been issued. Before the hearing was had counsel on behalf of the prosecutor moved to have the cases dismissed, upon the ground that the recorder lacked jurisdiction, which motion was denied. The entire proceedings seem to have been irregular. The police department was without power to release the prosecutor on bail and fix a day for his appearance and hearing, and to further grant an adjournment to another day. According to the statute, it was the duty of the police officer, upon making the arrest, to take the accused immediately before the magistrate and to detain the accused long enough so that complaint in writing, under oath, may be made and a warrant issued and a hearing had, and it was only within the power of the magistrate, upon request of the accused, to postpone the hearing and accept bail. The making of a complaint, under oath, and the issuing of a warrant before a hearing, are the necessary requisites prescribed by the statute to confer jurisdiction in a case where an arrest is made on view. But there is nothing before us which we can set aside on *certiorari*.

Supreme Court—Burnell v. Atlantic Co. Court of Common Pleas.

There is neither a conviction nor a judgment. The writs will be dismissed, without costs and without prejudice to the prosecutor.